## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MIEZKO BLEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 4:25-cv-00360-MAL |
| | ) | |
| AESCULUP, INC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the court is Defendant Aesculup, Inc.'s Motion to Dismiss. Doc. 8.[1]  The motion requests dismissal under both 12(b)(6) and 41(b).  For the reasons set forth below, the motion is **GRANTED**.  This case is dismissed without prejudice on the condition that, if Plaintiff Miezko Blek refiles, then he must pay Aesculup's attorney fees and costs incurred in defending this lawsuit to date.  It is also dismissed without prejudice on the condition that, if Blek refiles, he must refile in this district.

### I.    Background

Blek filed a complaint against Aesculup, alleging that Aesculup's termination of his employment on November 2, 2021, constituted religious discrimination.  Doc. 1-2 p.3.  Blek first attempted to file suit in state court on May 22, 2023.  *Id* at p.2.  On that date, the state court informed Blek that he had not served notice on Aesculup due to a deficiency in the filings.  Doc. 1-2 p. 2.  After giving Blek more than a year to cure the defect, the state court finally put the case on the dismissal docket on September 25, 2024.  *Id*.  Over a month later, Blek asked the state court to remove the case from the dismissal docket on November 7, 2024.  *Id*. at pp.1–2.  Blek made a second attempt to serve Aesculup on November 26, 2024.  *Id*. at p.1. Once again, he filed the wrong form.  *Id*.  He filed the correct form on February 5, 2025, and finally served Aesculup on February 19, 2025.  Doc. 1, p.2.  This took a staggering 639 days from the initial filing.  *Id*. Aesculup removed the case to federal court on March 21, 2025.  *Id*.

Blek has been largely absent from proceedings in federal court.  When the case was first removed to federal court, he did not file the initial disclosure statements mandated by the local rules.  E.D. Mo. L.R. 2.09.  The Case Opening Notification includes a specific reminder to do so

---

[1] All record citations use the page numbers assigned by the CM/ECF Electronic Document Filing System.

and a link to a fillable version of the required form. . *See Blek v. Aesculup Inc*., Docket No. 4:25-cv-00360-MAL, (E.D. Mo. March 24, 2025). On March 28, 2025, Aesculup filed this motion to dismiss. Doc. 8. Blek did not file a response within the fourteen days allotted by the local rules. E.D. Mo. L.R. 4.01; *see generally* Docket (E.D. Mo. Apr. 10, 2025). On April 10, 2025, the clerk's office issued an electronic notice reminding Blek of his obligation under Local Rule 2.0 to file a disclosure statement. *See generally,* Docket (E.D. Mo. Apr. 10, 2025). Like the previous notification, this reminder included a link to the required form. *Id*.

On October 17, 2025, this Court issued an Order to Show Cause no later than October 24, 2025, why the Court should not dismiss the case with prejudice. Doc. 11. This show-cause order cited the delay in service, failure to file a disclosure statement, and failure to respond to the Motion to Dismiss within the time allotted. Doc. 11. Blek did not respond to the initial show-cause order by the deadline. On October 27, 2025, the Court noted that Blek's attorney used two different sets of physical and email addresses in his filings. The Court issued a second Order to Show Cause no later than November 10, why the Court should not dismiss the case with prejudice. This order was sent to both sets of addresses on file. Blek responded to the second show cause order on November 10, 2025.[2]

In Blek's response to the second show-cause order, he notes that he is suffering from significant health problems. The response is labeled as a response to the motion to dismiss despite being 227 days after the deadline to respond to that motion. Blek did not file a disclosure statement when he filed the response. On November 19, 2025, the court sent Blek a second reminder to file a disclosure order, which explicitly cited Local Rule 2.09 and included a link to the disclosure statement form. Doc. 14. Blek did not respond. On December 4, 2025, the court issued a third Order to Show Cause by December 11, 2025, citing Blek's failure to file the required disclosure statement despite two reminders and a show cause order explicitly mentioning his failure to file a disclosure statement. Doc. 16. . The deadline for Blek to respond to the third show-cause order has elapsed, and Blek has not responded or filed a disclosure statement.

---

[2] The email listed in Blek's response is the one the court initially contacted. *Compare* Doc. [15] *with* Doc. [1]. The physical address listed in the response is different from the one the court initially contacted. *Id*.

## II.    Legal Standard

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  Unless indicated to the contrary, dismissal under Rule 41(b) "operates as an adjudication on the merits." *Id.*  "A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders, or for intentional delay." *Hutchins v. A.G. Edwards & Sons, Inc*., 116 F.3d 1256, 1259-60 (8th Cir. 1997) (citing Fed. R. Civ. P. 41(b)) (internal citations omitted).  "This power enables the district courts to ensure the expeditious handling of cases and to protect the rights of opposing parties to be free of prejudice caused by a litigant's dilatory conduct." *Id.* at 1260 (citing *Moore v. St. Louis Music Supply Co., Inc*., 539 F.2d 1191, 1193 (8th Cir. 1976)).  "The district court need only find that a litigant acted deliberately rather than accidentally and need not find bad faith." *Id.* (citing *First Gen. Res. Co. v. Elton Leather Corp*., 958 F.2d 204, 206 (8th Cir. 1992) (per curium)).

The Eighth Circuit has cautioned that the "extreme sanction" of dismissal with prejudice should be applied only where a litigant has willfully disobeyed a court order or exhibited a pattern of intentional delay. *Id.* (quoting *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997); *First Gen. Res.*, 958 F.2d at 206).  Repeated egregious delays may give rise to the inference that the delay is intentional. *See Garrison v. In''l Paper Co*., 714 F.2d 757, 760 (8th Cir. 1983).  Similarly, ignoring a court order despite repeated reminders amounts to a willful violation the order. *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009) ("Despite repeated warnings from the court…, Siems's counsel never responded nor did Siems's counsel file any motions.  Taken as a whole, Siems's complete inaction amounted to a persistent pattern of delay and willful violation of court orders.")  In considering whether to dismiss with prejudice, "[a] district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hutchins*, 116 F.3d at 1260 (citing *Moore*, 539 F.2d at 1193).  "Even where the facts might support dismissal with prejudice, this ultimate sanction … should only be used when lesser sanctions prove futile." *Hunt v. City of Minneapolis, Minn.*, 203 F.3d 524, 527 (8th Cir. 2000) (citation omitted).  Due to district courts' familiarity with the proceedings before them, the Eighth Circuit gives them "a large

measure of discretion in deciding what sanctions are appropriate for misconduct." *Id.* (quoting *Hutchins*, 116 F.3d at 1260).

### III.    Discussion

Dismissal is warranted here because Blek has willfully disobeyed court orders and engaged in a clear pattern of delay. The pattern began in state court. Blek took 639 days to serve Aesculup, repeatedly waiting months to file again after a previous attempt failed. Since arriving in federal court, Blek has largely ignored this case despite repeated warnings. He ignored the motion to dismiss based, in part, on his pattern of delay, until 227 days past the deadline to respond. *See* E.D. Mo. L.R. 4.01. When he finally did respond (after a second order from the court asking him to show cause for his delay), he failed submit a motion to file out of time as required by the Federal Rules. *See* Fed.R.Civ.P.6(b)(1)(B). Most egregiously, he has still not filed a disclosure statement, as required by the Local Rules and the Federal Rules of Civil Procedure, despite being explicitly reminded four separate times (including two show cause orders threatening sanctions). While the court is highly sympathetic to Blek's counsel's health issues, he does not explain why he did not seek an extension of time at any point during this lengthy period or why he has not sought assistance from another attorney.[3] The court cannot avoid the conclusion that Blek's delays are deliberate. "Each of the delays in this long history could conceivably be excused by some special circumstance, but no excuse has been offered. Absent any excuse, this history shows a pattern of intentional delay justifying dismissal with prejudice for failure to prosecute." *Garrison*,, 714 F.2d at 760. Further, the court cannot avoid the conclusion that Blek's failure to file a disclosure statement after receiving two separate show cause orders is a willful violation of the court's orders. *See Siems*, 560 F.3d at 826 (ignoring repeated court orders constitutes willful violation of the courts orders). But "even where the facts might support dismissal with prejudice, this ultimate sanction … should only be used when lesser sanctions prove futile." *Hunt*, 203 F.3d at 527 (8th Cir. 2000) (citation omitted). While dismissal is warranted here, the court will not dismiss the case with prejudice because dismissal without prejudice (subject to a condition regarding refiling) will suffice.

---

[3] Blek's counsel actively participated in other cases, so he was able to file a motion for extension. *See* Docs. 15-1, 15-2 (email exchange between counsel during this period where counsel for Blek mentions his work on another case), 15-3 (docket of another case involving Blek's counsel showing activity during this period).

To strike the proper balance here, this Court dismisses the case without prejudice, subject to the additional requirement that, if Plaintiff decides to refile, Plaintiff must immediately pay Defendants' attorneys' fees and costs incurred in defending this lawsuit to date. When considering if dismissal with prejudice is appropriate, "this court employs a balancing test that focuses foremost upon the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the district court." *Bergstrom v. Frascone*, 744 F.3d 571, 575 (8th Cir. 2014) (quotation omitted). Here, the conduct was egregious and merits sanction. But the conduct was not so egregious as to warrant extinguishing Blek's claim. *See id.* Dismissal without prejudice will address the adverse impact to the administration of justice by adequately punishing Blek's conduct and dismissing the case until Blek is ready to refile and properly prosecute the case.

Any prejudice to Aesculup from dismissal without prejudice plus attorney fees and costs on refiling is negligible. While Aesculup may be prejudiced by loss of evidence, statutes of limitation protect against claims "…that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Gabelli v. S.E.C.,* 568 U.S. 442, 448 (2013). For purposes of the statute of limitations "[o]nce a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed." *Garfield v. J.C. Nichols Real Est.*, 57 F.3d 662, 666 (8th Cir. 1995). On this front, Aesculup will be no worse off than if the case had never been filed because they will maintain their normal protections against the loss of evidence from the passage of time. Further, any duplicative financial cost that Aesculup may incur defending the action if the case is refiled is addressed by the dismissal condition that, upon refiling, Plaintiff must pay Defendants' attorneys' fees and costs incurred in defending this lawsuit to date. *See Reddy v. Rallapally*, 103 F.App'x 65 (8th Cir. 2004) (upholding district court's decision to impose as a condition of dismissal that if the action was refiled, plaintiff would have to pay costs and attorneys' fees incurred in defending first action); *Lam v. Dicus*, No. 1:19CV143 HEA, 2020 WL 1188121 (E.D. Mo. Mar. 12, 2020) (imposing this condition when dismissing a case without prejudice for failure to prosecute). Dismissal without prejudice subject to this condition will adequately respond to Blek's activity and protect Aesculup from prejudice without extinguishing Blek's underlying claim.

**IT IS HEREBY ORDERED** that Defendant's MOTION to Dismiss Case under Rule 41(b), Doc. 8, is **GRANTED** under Rule 41(b).  Aesculap's Motion to Dismiss under Rule 12(b)(6) is denied as moot.

**IT IS FURTHER OREDERED** that this case is **DISMISSED** without prejudice, subject to the condition that upon refiling, Plaintiff must pay Defendant's attorneys' fees and costs incurred in defending this lawsuit to date.  If plaintiff refiles, he must refile in this district.

Dated this 17th day of December 2025.



MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE